**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BEULAH M. JOHNSON,

                Plaintiff,

vs.                                             Case No. 3:08-cv-1134-J-JRK

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Beulah M. Johnson ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for supplemental security income and disability insurance benefits. Her alleged inability to work is based on a back injury and asthma.[2] See Transcript of Administrative Proceedings (Doc. No. 12; "Tr.") at 132. On September 6, 2005, Plaintiff filed an application for supplemental security income, and on September 22, 2005, Plaintiff filed an application for disability insurance benefits. Tr. at 360, 126. Plaintiff alleged an onset date of March 2, 2004. Tr. at 360, 126. An ALJ held a hearing on December 4, 2006, Tr. at 369-407, and issued a decision on March 28, 2007, finding Plaintiff not disabled through the date of the decision. Tr. at 15-29. On October 21, 2008, the Appeals Council denied Plaintiff's request for review. Tr. at 5-7. On November 25,

---

      [1]       The parties consented to the exercise of jurisdiction by a United States Magistrate Judge, see Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. No. 14), and the Order of Reference was entered on March 11, 2009 (Doc. No. 15).

      [2]       At her hearing before an Administrative Law Judge ("ALJ"), Plaintiff also complained of headaches, leg pain, hip pain, and neck and shoulder pain affecting her ability to work. Tr. at 384, 387, 389, 390. According to Plaintiff, her treating doctor attributed her headaches to depression. Tr. at 385.

2008, Plaintiff commenced this action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking review of the Commissioner's final decision. Plaintiff has exhausted the available administrative remedies, and the case is properly before the Court.

Plaintiff, who was fifty-two years old at the time of her hearing before the ALJ (see Tr. at 373), argues the ALJ erred in two ways: (1) by misapplying the Medical Vocational Guidelines ("Grids") in light of the findings regarding Plaintiff's residual functional capacity ("RFC"); and (2) by failing to articulate any reasons for discrediting treating physician Dr. Depaz's opinion that Plaintiff has to make position changes as needed.[3] Plaintiff's Brief (Doc. No. 18; "Pl.'s Br.") at 8-18. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds the ALJ's decision is due to be reversed and remanded for further proceedings consistent with this opinion.

## II. The ALJ's Decision

When determining whether an individual is disabled, an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the plaintiff: (1) is currently employed; (2) has a severe impairment; (3) has an impairment that meets or medically equals one listed in the regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The ALJ performed the required five-step sequential inquiry. At step one, the ALJ established Plaintiff has not engaged in substantial gainful activity since March 2, 2004 (the alleged onset date). Tr. at 20. At step two, the ALJ found Plaintiff suffers

---

[3] The ALJ credited Dr. Depaz's opinion regarding Plaintiff's ability to sit, stand, walk, and lift, as well as Plaintiff's need to avoid heavy machinery. See Tr. at 26-27.

from the following severe impairments: "history of laminectomy L5-S1 with failed back syndrome[.]" Tr. at 20. At step three, the ALJ stated Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. at 22.

The ALJ determined Plaintiff has the RFC to do the following: Plaintiff can "stand and walk two to three hours in an eight[-]hour workday, sit four to five hours in an eight-hour workday and lift twenty pounds occasionally and ten pounds frequently"; Plaintiff cannot climb ladders; Plaintiff "has occasional limitations in climbing stairs, balancing, stooping, kneeling, crouching and crawling"; finally, Plaintiff should avoid unprotected heights, hazardous machinery, and exposure to fumes, odors, and gases. Tr. at 22. At step four, the ALJ found Plaintiff is not capable of performing her past relevant work as an inmate processor, a maid, and a laborer. Tr. at 27. At step five, the ALJ applied Plaintiff's RFC, age, education, and experience to the Grids and determined that Plaintiff is capable of performing jobs that exist in significant numbers in the national economy; however, the ALJ did not specifically identify any such jobs. Tr. at 28. The ALJ concluded Plaintiff was not under a disability[4] from March 2, 2004 through the date of the decision. Tr. at 28.

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320,

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).

1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in two ways: (1) by misapplying the Grids in light of the findings regarding Plaintiff's RFC; and (2) by failing to articulate any reasons for discrediting treating physician Dr. Depaz's opinion that Plaintiff has to make position changes as needed. Each argument is addressed in turn.

### A.     Application of the Grids

The ALJ applied Table No. 2 of the Grids (Maximum Sustained Work Capability Limited to Light Work as a Result of Severe Medically Determinable Impairment(s)) and

ultimately determined that Plaintiff is not disabled.[5]  Generally, an ALJ may rely on the Grids to determine whether a claimant can perform work that exists in significant numbers in the national economy.  See Phillips, 357 F.3d at 1242.  However, an ALJ may not rely exclusively on the Grids in two situations: "*either* when [a] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments[6] that significantly limit basic work skills."  Id. (emphasis in original) (internal alterations, quotation, and citation omitted).  If the ALJ determines that either condition exists, a vocational expert ("VE") must be consulted.  Id.

Regarding the first situation in which an ALJ may not rely exclusively on the Grids, Plaintiff contends that in light of Plaintiff's exertional limitations the ALJ found in determining Plaintiff's RFC - - that she could stand and walk just two to three hours in an eight hour workday - - and the ALJ's conclusion that Plaintiff cannot perform a full range of light work, the ALJ's reliance on the light work table of the Grids was improper.  Pl.'s Br. at 8-12.  Plaintiff argues that the above RFC limitations required the ALJ to obtain testimony from a VE regarding available occupations for an individual with such limitations, rather than relying exclusively on the Grids to determine whether Plaintiff is disabled.  Id. at 8.  In response, the Commissioner points to the ALJ's finding that "Plaintiff's additional limitations had little or no effect on the occupational base of unskilled light work."  Memorandum in Support of the

---

[5] Specifically, the ALJ applied 20 C.F.R. Pt. 404, Subpt. P, App'x 2, Sections 202.21 and 202.14. See Tr. at 28.

[6] "Exertional limitations affect an individual's ability to meet the seven strength demands of the job: sitting, standing, walking, lifting, carrying, pushing, and pulling." Phillips, 357 F.3d at 1242 n.11 (citing Social Security Ruling ("SSR") 96-4, 61 Fed. Reg. 34488 (July 2, 1996)). "Nonexertional limitations or restrictions affect an individual's ability to meet the other demands of jobs and include mental limitations, pain limitations, and all physical limitations that are not included in the seven strength demands." Phillips, 357 F.3d at 1242 n.11 (citing SSR 96-4). Environmental limitations are considered nonexertional. Sryock v. Heckler, 764 F.2d 834, 836 n.3 (11th Cir. 1985).

Commissioner's Decision (Doc. No. 19; "Deft.'s Mem.") at 13 (citing Tr. at 28). Thus, according to the Commissioner, the Grids were properly applied. Deft.'s Mem. at 13.

> The Social Security Administration defines light work as follows:
>
> (b) Light work. Light work involves lifting no more than 20 pounds at a time with <u>frequent</u> lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. . . .

20 C.F.R. § 404.1567(b); SSR 83-10 at *6 (emphasis added). In addition,

> "Frequent" means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday.

SSR 83-10 at *6.

In opining on the type of work Plaintiff could perform given her RFC, the ALJ stated as follows:

> Due to the claimant's reduced ability to perform the wide range of light work to sedentary work, she would be unable to perform [her past relevant work] as she describes [it].
>
> . . .
>
> If the claimant had the residual functional capacity to perform the full range of light work, considering the claimant's age, education, and work experience, a finding of "not disabled" would be directed by [the Grids]. However, the additional limitations have little or no effect on the occupational base of unskilled light work. A finding of "not disabled" is therefore appropriate under the framework of this rule.

Tr. at 27-28. Given the ALJ's finding that Plaintiff has a "reduced ability to perform the wide range of light work to sedentary work," the ALJ's reliance on the light work table in the Grids to support a finding of disability was error. See Foote v. Chater, 67 F.3d 1553, 1559 (11th

Cir. 1995) (stating "'only when the [plaintiff] can clearly do unlimited types of light work'" is it unnecessary to consult a VE) (quoting Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989)). The Social Security Administration's description of the required length of time for standing and walking for the full range of light work requires six hours per day - - far more than Plaintiff's ability to stand and walk two to three hours per day. See 20 C.F.R. § 404.1567(b); SSR 83-10 at *6. The ALJ's finding in the RFC regarding Plaintiff's ability to stand and walk for two to three hours per day precluded a finding that Plaintiff can perform a full range of light work. A finding that Plaintiff can perform the full range of light work would have been necessary for the ALJ to rely exclusively on the light work table in the Grids in making the disability determination. See Phillips, 357 F.3d at 1242. Because the ALJ's reliance on the Grids in this regard was error, remand is required.

As to the second situation in which an ALJ may not rely exclusively on the Grids (when a plaintiff has nonexertional limitations that significantly limit basic work skills), Plaintiff contends the ALJ could not have properly relied on the Grids in light of the ALJ's findings that Plaintiff has the nonexertional impairments of (1) occasional balancing limitations; and (2) the need to avoid exposure to fumes, odors, and gases. Pl.'s Br. at 11. The Grids become inapplicable with respect to nonexertional impairments "only when the limitations are severe enough to prevent a wide range of gainful employment at the designated level." Sryock, 764 F.2d at 836. "Therefore, when both exertional and nonexertional limitations affect a [plaintiff's] ability to work, the ALJ should make a specific finding as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations." Id. If the nonexertional "limitations [are] severe enough to preclude [a plaintiff] from performing a wide range of light

work," then the ALJ must obtain testimony from a VE, rather than relying exclusively on the Grids. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

In finding that the "additional limitations have little or no effect on the occupational base of unskilled light work," the ALJ explained as follows:

> Social Security Ruling 83-14 and 85-15 states [sic] that stooping and bending are required only occasionally at the light exertional level. Crouching is not required. Some limitations in climbing and balancing are not significant. Kneeling and crawling do not have a significant impact on the broad world of work. Environmental restrictions are insignificant at all exertional levels.

Tr. at 28.

Because the ALJ specifically included nonexertional limitations in Plaintiff's RFC, he was required to determine whether those limitations were severe enough to preclude a wide range of employment at Plaintiff's exertional level. See Sryock, 764 F.2d at 836. The ALJ's findings regarding Plaintiff's nonexertional limitations at issue and their impact on the range of employment were conclusory: the ALJ did not cite the record, did not rely upon testimony from a VE, and provided very little explanation to support the ultimate conclusion.[7] See Marbury, 957 F.2d at 839 (holding an ALJ's conclusion regarding a claimant's nonexertional limitations and their effect on his basic work skills was not supported by substantial evidence because there was no testimony from a VE). Exclusive reliance on the Grids to support the disability determination cannot be sustained in light of the conclusory finding regarding Plaintiff's nonexertional limitations. Further explanation by the ALJ is required for meaningful review; therefore, remand is appropriate.

---

[7] Furthermore, regarding Plaintiff's occasional limitations in balancing (Tr. at 22), the Social Security Administration indicates, "Where a person has some limitation in . . . balancing <u>and it is the only limitation</u>, it would not ordinarily have a significant impact on the broad world of work." SSR 85-15 at *7 (emphasis added). The ALJ found Plaintiff has more than one nonexertional limitation; therefore, it was inappropriate to rely exclusively on this Ruling to support the ALJ's finding that the limitation has little or no effect on the range of employment for unskilled light work.

On remand, the ALJ should reassess the type of work Plaintiff is capable of performing notwithstanding her exertional and nonexertional limitations. Additionally, a specific finding should be made as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations. The ALJ should also include an explanation for the finding.

### B. Opinion of Plaintiff's Treating Physician

Plaintiff argues the ALJ failed to articulate any reasons for discounting treating physician Dr. Depaz's opinion that Plaintiff should make position changes as needed.[8] Pl.'s Br. at 13. According to Plaintiff, the ALJ's RFC determination contradicts this opinion because the RFC contains no such finding. Id.

Dr. Depaz treated Plaintiff consistently from March 2003 to July 2005 (see Tr. at 220, 218, 216, 214, 213, 211, 210, 208, 207, 205, 204, 202, 200), and again in July and September 2006 (see Tr. at 352, 350), for persistent pain in Plaintiff's back. On February 4, 2004, Dr. Depaz filled out a Health and Work Status Report for the Alachua County Sheriff's Office (Plaintiff's former employer) in which he opined, by interlineating on the preprinted form, that Plaintiff must have the "[a]bility to make position changes as needed" and should avoid "repetitive motion of the back." Tr. at 251; see also Tr. at 207 (notes regarding office visit from April 22, 2004 documenting "[n]o repetitive bending, twisting, stooping, or squatting with the ability to make position changes as needed"). Later, on November 8, 2006, Dr. Depaz completed a Physical Capacity Evaluation. Tr. at 345. The Evaluation did not specifically require the physician to comment on whether Plaintiff needed to alternate positions, and Dr. Depaz did not specifically opine that she did. Id.

---

[8] As stated infra at 2 n.3, the ALJ credited other aspects of Dr. Depaz's opinion.

-9-

The Social Security Regulations instruct ALJs how to weigh the medical opinions[9] of treating physicians[10] properly. See 20 C.F.R. § 404.1527(d). Because treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's medical opinion is to be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(d)(2). When a treating physician's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering factors such as the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, as well as the supportability of the opinion, its consistency with the other evidence, and the specialization of the physician. Id.

If an ALJ concludes the medical opinion of a treating physician should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists when (1) the opinion is not bolstered by the evidence, (2) the evidence supports a contrary finding, or (3) the opinion is conclusory or inconsistent with the treating physician's own medical records. Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is

---

[9] Medical opinions are statements from physicians that reflect judgments about the nature and severity of the claimant's impairment, including symptoms, diagnosis, prognosis, and what the claimant can still do despite the impairment. 20 C.F.R. § 404.1527(a)(2).

[10] A treating physician is a physician who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1502.

-10-

not accompanied by objective medical evidence). The ALJ must "state with particularity the weight he [or she] gave the different medical opinions and the reasons therefor." Sharfarz v. Bowen, 825 F.2d 278, 279-80 (11th Cir. 1987); see also MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

The ALJ did not discuss Dr. Depaz's earlier opinion that Plaintiff should be able to make position changes as needed. The Commissioner points out that Dr. Depaz did not note any restriction in this regard in the November 2006 Physical Capacity Evaluation, and "[i]nherent in his decision, the ALJ did not credit Dr. Depaz's indication in earlier reports that Plaintiff would need to make position changes as needed." Deft.'s Mem. at 11. According to Plaintiff, the February 2004 opinion is consistent with the November 2006 opinion "because the 2006 opinion did not include a question as to the ability to sit, stand or walk continuously as opposed to total in an eight hour workday." Pl.'s Br. at 13. Without an explanation of the weight afforded Dr. Depaz's earlier opinion that Plaintiff has to alternate positions as needed, the undersigned is unable to conduct a meaningful review of the ALJ's evaluation of Dr. Depaz's opinion. Thus, on remand, the ALJ shall state with particularity the weight he is affording Dr. Depaz's opinion that Plaintiff has to make position changes as needed; if the opinion is discounted, the ALJ shall articulate reasons showing good cause for discounting it. See Lewis, 125 F.3d at 1440.

### **V. Conclusion**[11]

The ALJ's exclusive reliance on the Grids was inappropriate, and the ALJ failed to articulate adequate reasons supported by substantial evidence to discount Dr. Depaz's opinion that Plaintiff should have the ability to make position changes as needed. In accordance with the foregoing, it is

**ORDERED:**

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **REVERSING** the Commissioner's decision and **REMANDING** this matter with the following instructions:

> (a) Reassess the type of work Plaintiff is capable of performing notwithstanding her exertional and nonexertional limitations, making a specific finding, with an explanation, as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations;
>
> (b) State with particularity the weight the ALJ is affording Dr. Depaz's opinion with respect to Plaintiff having to make position changes as needed; if the opinion is discounted, the ALJ shall articulate reasons showing good cause for discounting it; and
>
> (c) Take such other action as may be necessary to resolve this claim properly.

---

[11] Plaintiff also notes that medical records from Dr. Raines are not included in the Transcript of Administrative Proceedings, although Dr. Raines filled out a Physical Capacity Evaluation. Pl.'s Br. at 8 n.15. Plaintiff requests that the Commissioner be directed on remand to obtain the progress notes from visits with Dr. Raines. Id. Because this matter is due to be remanded, these notes should be obtained through the normal means prior to the matter being reconsidered by the Commissioner.

2. The Clerk of Court is directed to close the file.

3. If benefits are awarded on remand, Plaintiff's counsel shall have thirty (30) days from receiving notice of the amount of past due benefits to seek the Court's approval of attorney's fees pursuant to 42 U.S.C. § 406(b). See Bergen v. Comm'r Soc. Sec., 454 F.3d 1273 (11th Cir. 2006).

**DONE AND ORDERED** at Jacksonville, Florida on February 25, 2010.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record